JOHNNY GROOMS V. STATE

No. 27,518. April 6, 1955
Rehearing Denied (Without Written Opinion)
May 18, 1955

*William E. Davenport,* San Angelo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is theft of one goat; the punishment, two years' confinement in the penitentiary.

The state's testimony shows that the prosecuting witness, Nolan Mesecke, was a dealer in livestock and operated a commercial feed yard in the city of San Angelo, where he kept goats, sheep and cattle.

Mesecke testified that on the late afternoon of August 30, 1954, while he was at his place of business he heard a goat bleating; that he then saw a man whom he identified as Buck Spurger in a pen chasing a goat and handing one of his (Mesecke's) goats over the fence to appellant; that as appellant was carrying the goat from the pen towards a car with a door open parked some thirty steps away, the witness jumped over the fence and asked the two what they were doing, to which appellant replied, "We are trying to put this goat back in the pen." The goat was then turned loose and the three proceeded to chase it, and during the chase, appellant's companion, Spurger, stated to the witness, "I am glad you caught the goat; we sure would have killed that goat tonight; just a little short of groceries and needed something to eat." The witness further testified that he did not know of any of his goats ever having gotten out of the pens and that he had not given appellant or his companion authority to take the goat out of the pen.

Appellant, as a witness in his own behalf, denied that he and his companion, Spurger, were trying to steal the goat. He testified that on the occasion in question they had stopped to urinate and that the goat was loose and bleating; that he and his companion had not touched the goat before he helped Mesecke pen the goat.

Appellant's witness, Clyde Cockburn, testified that he had a place of business near the Mesecke stock pens and that on two

or three occasions he had seen goats roaming in the neighborhood, but did not know to whom they belonged.

There are no formal bills of exception or objections to the court's charge.

There is indexed in the statement of facts an informal bill of exception which relates to certain testimony given by the state's witness Mesecke.

The record shows that while the witness, Mesecke, was testifying on direct examination, he was asked the following question: "Did anything unusual happen out there on the evening of August 30, 1954?" to which he answered, "Yes, that is when I caught the boys getting the goat." Thereupon appellant's counsel made the following objection which was by the court overruled:

"We object to the answer and ask it be stricken from the record. 'I caught the boys stealing the goat,' that is a conclusion; it is not called for in the question, and we ask the jury be instructed not to consider it."

We perceive no error in the court's ruling. The answer of the witness was that he caught the boys "getting the goat" rather than "stealing the goat," as understood by appellant's counsel. Such testimony was not a conclusion of the witness and was responsive to the question propounded.

We find the evidence sufficient to support the conviction, and no error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.